IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JESSICA G.,**

      **Plaintiff,**

   v.                           Civil Action 2:23-cv-3780
                                    Judge James L. Graham
                                    Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Jessica G., brings this action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 9), Plaintiff's Reply (ECF No. 10), and the administrative record (ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

**I.    BACKGROUND**

Plaintiff filed her applications for DIB and SSI on April 30, 2021, alleging that she has been disabled since September 14, 2020, due to ADHD, OCD, bipolar, anxiety, depression, social anxiety, insomnia, scoliosis, neuropathy, vertigo, back, carpal tunnel, gout, GERD,

dysplasia, ulcers, hernia and tinnitus. (R. at 385-86, 387-95, 418.)[1] Plaintiff's applications were denied initially in August 2021 and upon reconsideration in November 2021. (R. at 214-55, 283-92, 307-14.) Plaintiff sought a *de novo* hearing before an administrative law judge. (R. at 315-16.) On April 19, 2022, Administrative Law Judge Micheal Kaczmarek (the "ALJ") held a telephone hearing, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 15-44.) A vocational expert ("VE") also appeared and testified at the ALJ hearing. (*Id.*) On June 3, 2022, the ALJ issued a decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 256-82.) On July 15, 2022, the Appeals Council notified Plaintiff that it had granted the request for review. (R. at 10-14.) On September 11, 2023, the Appeals Council adopted the ALJ's findings and denied benefits. (R. at 1–9.) Plaintiff then timely commenced the instant action.

## II.     RELEVANT RECORD EVIDENCE

The Undersigned has thoroughly reviewed the transcript in this matter, including Plaintiff's medical records, function and disability reports, and the testimony as to her conditions and resulting limitations. Given the claimed errors raised by Plaintiff, rather than summarizing that information here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

---

[1] Plaintiff previously had filed an application for supplemental security income on April 10, 2009, alleging in part "multiple mental disorders." (R. at 203.) That application was denied by ALJ decision dated May 10, 2011. (R. at 200-209.)

### III. ADMINISTRATIVE DECISIONS

#### A. The ALJ's Decision

On June 3, 2022, the ALJ issued his decision. (R. at 256-82.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021. (R. at 263.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantially gainful activity since September 14, 2020, the alleged onset date. (*Id.*) The ALJ found that Plaintiff has the following impairments that either singularly and/or in combination are severe: vertigo, headaches, major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder. (*Id.*) The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 264.)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

> After careful consideration of the entire record, [the ALJ] finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] requires the opportunity to alternate sitting and standing every thirty minutes. [Plaintiff] can frequently handle, finger, and feel bilaterally. [Plaintiff] can occasionally reach overhead bilaterally. [Plaintiff] can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally balance and stoop but can never kneel, crouch, or crawl. [Plaintiff] must avoid concentrated exposure to extreme light (such as direct sunlight and strobes), loud noise (such as heavy traffic and sirens), heat/cold vibration, wetness and humid environments, pulmonary irritants including fumes, odors, gases, and poor ventilation. [Plaintiff] must avoid hazards including inherently dangerous moving machinery and unprotected heights. [Plaintiff] can engage in unskilled, low stress work such as work at the SVP 1 or 2. [Plaintiff]'s work duties and any changes must be explained, written and/or demonstrated and could be learned in 30 days or less. [Plaintiff]'s work must not be fast paced or have strict production or time quotas. [Plaintiff] can frequently interact with others.

(R. at 266.)

At step four of the sequential process, the ALJ determined that Plaintiff has no past relevant work. (R. at 272.) Relying on the VE's testimony, the ALJ concluded at Step 5 that Plaintiff can perform other jobs that exist in significant numbers in the national economy such as an office helper, marker or photocopy machine operator. (R. at 273-74). Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time since September 14, 2020. (*Id.*)

### B. The Appeals Council Decision

On September 11, 2023, the Appeals Council issued its decision. (R. at 1-9.) The Appeals Council adopted the ALJ's "statements regarding the pertinent provisions of the Social Security Act, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable." (R. at 4.) Specifically, the Appeals Council found that the

4

evidence submitted after the ALJ's decision did not provide a basis for changing the RFC. Accordingly, it concluded that Plaintiff was not under a disability the alleged onset date through the date last insured, and the hearing decision date, citing the framework of Medical-Vocational Rule 202.17. (*Id.*)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.

1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V. ANALYSIS

Plaintiff sets forth one statement of error: in formulating the RFC, the ALJ erred by failing to properly account for a limitation to superficial interaction as opined by the state agency psychologists. The Undersigned disagrees and finds that the ALJ's decision is supported by substantial evidence.

A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The Social Security regulations, rulings, and Sixth Circuit precedent provide that the ALJ is charged with the final responsibility in determining a plaintiff's residual functional capacity. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the residual functional capacity "is reserved to the Commissioner"). And it is the ALJ who resolves conflicts in the medical evidence. *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). In doing so, the ALJ is charged with evaluating several factors when determining the RFC, including the medical evidence (not limited to medical opinion testimony), and the plaintiff's testimony. *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-cv-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) (citing *Webb v. Comm'r of*

*Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010).

The crux of Plaintiff's sole argument is that the ALJ did not adequately explain why a social limitation to frequent interaction was warranted but a limitation to superficial interaction, as opined by the State agency psychologists, was not. In Plaintiff's view, the ALJ's explanation for the chosen social limitation was "lacking," and "hollow," and his reasoning was "cursory" and "flawed." (ECF Nos. 8, 10.) The Court's analysis thus starts with a review of the ALJ's discussion of the relevant opinions. The ALJ had this to say about those opinions:

> The [ALJ] has considered the August 2021 opinion of the state agency psychological consultant, Dr. Johnston (Exhibit B2A and B3A). She opined that [Plaintiff] had no limitation in understanding, remembering or applying information, moderate limitation in interacting with others, mild limitation in concentrating, persisting or maintaining pace, and mild limitation in adapting or managing oneself. She further found [Plaintiff] can interact with others superficially (Exhibit B2A and B3A). This is partially persuasive. It is well supported by a review of the evidence. The social limitation is not consistent with [Plaintiff]'s activities of daily living as reported by Dr. Reece (Exhibit B6F). It is also not consistent with the lack of any mental health medication and her large break in services from her counselor (Exhibit B2F). Otherwise, the opinion is persuasive. It is consistent with [Plaintiff]'s low level of treatment and normal mental status examinations of record.
>
> The [ALJ] has considered the October 2021 opinion of the state agency psychological consultant, Dr. Haskins (Exhibit B6A and B7A). She opined that [Plaintiff] had no limitation in understanding, remembering or applying information, moderate limitation in interacting with others, mild limitation in concentrating, persisting or maintaining pace, and mild limitation in adapting or managing oneself. She further found [Plaintiff] can interact with others superficially (Exhibit B6A and B7A). This opinion is partially persuasive. It is well supported by a review of the evidence. The social limitation is not consistent with [Plaintiff]'s activities of daily living as reported by Dr. Reece (Exhibit 6F). It is also not consistent with the lack of any mental health medication and her large

>break in services from her counselor (Exhibit B2F). Otherwise, the opinion is persuasive. It is consistent with [Plaintiff]'s low level of treatment and normal mental status examinations of record.

(R. at 271-72.)

The above excerpt confirms that Plaintiff's complaints regarding the quality of the ALJ's analysis are without merit. The ALJ considered the opinions of the State agency psychologists and formulated an RFC based on the record as a whole. That is, the ALJ expressly and reasonably considered Plaintiff's activities of daily living, her lack of medications and treatment, and the documented largely normal clinical findings. (*Id.*; *see also* R. at 270.) The ALJ's assessment of Plaintiff's admittedly limited mental health record, set forth earlier in his opinion, substantially supports the conclusions he reached. For example, the ALJ noted that Plaintiff had not participated in sustained counseling since 2019, (R. at 270 citing R. at 508-524), and had mostly normal mental status examinations in February 2021 and August 2021 (*Id*. citing 522, 922). That is, the ALJ did precisely what an ALJ is supposed to do. *Hunter v. Comissioner of Soc. Sec.,* No. 3:24-CV-00157, 2024 WL 4131113, at *8 (N.D. Ohio Sept. 10, 2024) (citing *Coldiron v. Comm'r of Soc. Sec*., 391 F. App'x 435, 439 (6th Cir. 2010) ("The RFC is the province of the ALJ, not a specific physician, and the ALJ must formulate the RFC based on all the evidence in the record."). In short, the ALJ sufficiently articulated his rejection of the superficial interaction limitation and supported that conclusion with substantial evidence. Moreover, the ALJ's analysis allowed the Court to conduct a sufficient review of the decision because he built a logical bridge between the evidence and his conclusion.

Plaintiff does not argue that the ALJ mischaracterized the record, limited as it is with respect to Plaintiff's mental health impairment. At best, Plaintiff's argument invites the Court to reevaluate the evidence. However, even if a preponderance of the evidence supports Plaintiff's position, the Court will not disturb the Commissioner's decision so long as substantial evidence also supports the conclusion the ALJ reached. *O'Brien v. Commissioner of Soc. Sec.*, 819 F. App'x 409, 416 (6th Cir. 2020). Under this standard, the Court cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Joni W. v. Comm'r of Soc. Sec.*, No. 2:23-CV-2505, 2024 WL 488044, at *7 (S.D. Ohio Feb. 8, 2024). Accordingly, the ALJ did not err by omitting a social limitation to superficial interaction.

## VI. CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Based on the foregoing, it is therefore, **RECOMMENDED** that Plaintiff's Statement of Errors (ECF No. 8) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED.**

## VII. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report an\d Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: <u>December 5, 2024</u>　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**