**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Jessica G.,**

  **Plaintiff,**

 v.           Case No. 2:23-cv-3780
               Judge James L. Graham
               Magistrate Judge Elizabeth P. Deavers

**Commissioner of
Social Security,**

  **Defendant.**

## ORDER

  Plaintiff Jessica G. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her disability insurance benefits. This matter is before the Court for consideration of Plaintiff's objection (ECF No. 12) to the Magistrate Judge's Report and Recommendation (ECF No. 11) in which the Magistrate Judge recommended that the Court affirm the Commissioner's decision.

  For the reasons stated below, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

**I. Background**

  Plaintiff filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 30, 2021. Plaintiff alleges that she has been disabled since September 14, 2020 because of ADHD, OCD, bipolar disorder, anxiety, depression, social anxiety, insomnia, scoliosis, neuropathy, vertigo, carpal tunnel, gout, GERD, dysplasia, ulcers, and tinnitus. (R. at 385-86, 387-95, 418). Plaintiff's application was denied initially and then once again upon reconsideration. Plaintiff was subsequently granted a *de novo* hearing before Administrative Law Judge Micheal Kaczmarek ("ALJ") on April 19, 2022.

  Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive

finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions: 1. Is the claimant engaged in substantial gainful activity?; 2. Does the claimant suffer from one or more severe impairments?; 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?; 4. Considering the claimant 's residual functional capacity, can the claimant perform his or her past relevant work?; 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy? *See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Starting at step 1, the ALJ found that since September 14, 2020, the alleged onset date, there was no evidence that Plaintiff engaged in substantial gainful activity. (R. at 263).

At Step 2, the ALJ found that Plaintiff had the following severe impairments: vertigo, headaches, major depressive disorder, generalized anxiety disorder and post-traumatic stress disorder ("PTSD") (*Id.*).

On Step 3 of the sequential evaluation, the ALJ found that the Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled one of the listed impairments described in C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 264).

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, [the ALJ] finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] requires the opportunity to alternate sitting and standing every thirty minutes. [Plaintiff] can frequently handle, finger, and feel bilaterally. [Plaintiff] can occasionally reach overhead bilaterally. [Plaintiff] can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally balance and stoop but can never kneel, crouch, or crawl. [Plaintiff] must avoid concentrated exposure to extreme light (such as direct sunlight and strobes), loud noise (such as heavy traffic and sirens), heat/cold vibration, wetness and humid environments, pulmonary irritants including fumes, odors, gases, and poor ventilation. [Plaintiff] must avoid hazards including inherently dangerous moving machinery and unprotected heights. [Plaintiff] can engage in unskilled, low stress work such as work at the SVP 1 or 2. [Plaintiff]'s work duties and any changes must be explained, written and/or demonstrated and could be learned in 30 days or less.

> [Plaintiff]'s work must not be fast paced or have strict production or time quotas. [Plaintiff] can frequently interact with others.

(R. at 266.)

At the final step, the ALJ, relying on the testimony of a Vocational Expert, concluded that Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as an officer helper, marker, or photocopy machine operator. (R. at 273-74). The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act at any time since September 14, 2020, the alleged onset date. (*Id.*). Plaintiff's request for review by the Appeals Council was denied and the ALJ's decision was adopted as the Commissioner's final decision. (R. at 1-9).

In her Statement of Errors (ECF No. 13), Plaintiff raised one main issue. She argues that the ALJ failed to properly account for a limitation to superficial interaction as opined by the state agency psychologists.

## II. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). Even so, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the

3

claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that Plaintiff's statement of error be overruled and that the decision of the ALJ be affirmed (ECF No. 11).

First, the Magistrate found that the ALJ's RFC determination was supported by substantial evidence (*Id.* at 6-7). Plaintiff claims that the ALJ failed to properly explain why a social limitation to frequent interaction was warranted but a limitation to superficial interaction, as opined by the state agency psychologists, was not. Plaintiff argues that the ALJ's explanation was "lacking" and "hollow" and that his reasoning was, at best, "cursory" and "flawed." (ECF Nos. 8, 10). The Magistrate Judge's Report and Recommendation found that this claim was not well-taken, stating that the ALJ considered the findings of the state agency psychologists and formulated an RFC based on the record as a whole. (ECF No. 11 at 8).

Additionally, the Magistrate Judge found that the ALJ "expressly and reasonably" considered Plaintiff's daily living, her lack of medications and treatment, and documented clinical findings. (*Id.*). Put differently, the Magistrate Judge found that the ALJ did "precisely what an ALJ is supposed to do." *Hunter v. Commissioner of Soc. Sec.*, No. 3:24-CV-00157, 2024 WL 4131113, at *8 (N.D. Ohio Sept. 10, 2024) (citing *Coldiron v. Comm'r of Soc. Sec.,* 391 F. App'x 435, 439 (6th Cir. 2010) ("The RFC is the province of the ALJ, not a specific physician, and the ALJ must formulate the RFC based on all the evidence in the record."). The Magistrate Judge found that "at best, Plaintiff's argument invites the Court to reevaluate the evidence." (ECF No. 11 at 9). The Magistrate Judge clarified that even if Plaintiff's position is supported by a preponderance of the evidence, the Commissioner's decision will stand "so long as substantial evidence also supports the conclusion the ALJ reached. (*Id.*; *see O'Brien v. Commissioner of Soc. Sec.,* 819 F. App'x 409, 416 (6th Cir. 2020).

### IV. Plaintiff's Objection

Plaintiff objects to the Magistrate Judge's finding that the ALJ's conclusions about the opinions of the state agency psychologists were supported by substantial evidence in the record. (ECF No. 12 at 2). Plaintiff first argues that the ALJ's conclusion, stating that there was an

inconsistency between Plaintiff's daily activities and the opinions of the state agency psychologists limiting her to superficial interaction, was incorrect. Plaintiff asserts that the daily activities in question, which include watching television, household tasks, preparing food, reading, and caring for her puppy, are unrelated to her ability to interact with others. (*Id.* at 3). Plaintiff also argues that the ALJ failed to provide a connection between the daily tasks and the opinions of the state agency psychologists and that the Magistrate Judge failed to address this concern in the Report & Recommendation. (*Id.*).

Plaintiff next asserts a similar argument related to the ALJ's "reliance" on the gap in Plaintiff's treatment. (*Id.*). Plaintiff claims that the ALJ's thought process on the gap in treatment and how the gap "contradicts" the experts' opinion is unclear. (*Id.*). Plaintiff explains that the mere presence of a gap in treatment should not be enough to reject a specific limitation without an explanation on how the gap contradicted the limitation. (*Id.* at 4). Plaintiff concludes by asserting that the ALJ relied on "boilerplate language" to reject the limitation and "failed to apply that same reasoning to other opinions." (*Id.*).

**V.     Defendant's Response**

In response to Plaintiff's objection, Defendant asserts that the Magistrate was correct in finding that the ALJ's decision was supported by substantial evidence in the record. (ECF No. 13). Defendant rests on the arguments made in her brief (ECF No. 9) and urges the Court to adopt the Report and Recommendation issued by the Magistrate Judge.

**VI.    *De novo* Review**

Upon *de novo* review, the Court concurs with the Magistrate Judge. Plaintiff argues that the ALJ's conclusions were unsupported by substantial evidence and that merely stating that Plaintiff's activities were inconsistent with the opined limitation is not enough to support the conclusions. The Court disagrees with Plaintiff's characterization of the ALJ's conclusions. The ALJ addressed the state agency psychologists' opinions:

> The [ALJ] has considered the August 2021 opinion of the state agency psychological consultant, Dr. Johnston (Exhibit B2A and B3A). She opined that [Plaintiff] had no limitation in understanding, remembering or applying information, moderate limitation in interacting with others, mild limitation in concentrating, persisting or maintaining pace, and mild limitation in adapting or managing oneself. She further found [Plaintiff] can interact with others superficially (Exhibit B2A and B3A). This is

> partially persuasive. It is well supported by a review of the evidence. The social limitation is not consistent with [Plaintiff]'s activities of daily living as reported by Dr. Reece (Exhibit B6F). It is also not consistent with the lack of any mental health medication and her large break in services from her counselor (Exhibit B2F). Otherwise, the opinion is persuasive. It is consistent with [Plaintiff]'s low level of treatment and normal mental status examinations of record.
>
> The [ALJ] has considered the October 2021 opinion of the state agency psychological consultant, Dr. Haskins (Exhibit B6A and B7A). She opined that [Plaintiff] had no limitation in understanding, remembering or applying information, moderate limitation in interacting with others, mild limitation in concentrating, persisting or maintaining pace, and mild limitation in adapting or managing oneself. She further found [Plaintiff] can interact with others superficially (Exhibit B6A and B7A). This opinion is partially persuasive. It is well supported by a review of the evidence. The social limitation is not consistent with [Plaintiff]'s activities of daily living as reported by Dr. Reece (Exhibit 6F). It is also not consistent with the lack of any mental health medication and her large Case: 2:23-cv-03780-JLG-EPD Doc #: 11 Filed: 12/05/24 Page: 7 of 10 PAGEID #: 1092 8 break in services from her counselor (Exhibit B2F). Otherwise, the opinion is persuasive. It is consistent with [Plaintiff]'s low level of treatment and normal mental status examinations of record.

(R. at 271-72.)

Based on the above, the ALJ properly considered the record as a whole including the opinions of the state agency psychologists and Plaintiff's daily activities. The ALJ also noted that Plaintiff had not participated in consistent counseling since 2019 (R. at 270 citing R. at 508-524) and that her mental examinations in February 2021 and August 2021 returned mostly normal results. (*Id.* citing 522, 922). Plaintiff's theory calls upon the Court to reweigh the evidence and provide greater weight to the opinions of the state agency psychologists. As correctly stated by the Magistrate Judge, the Court is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Joni W. v. Comm'r of Soc. Sec.*, No. 2:23-CV-2505, 2024 WL 488044, at *7 (S.D. Ohio Feb. 8, 2024). If substantial evidence supporting the conclusion of the ALJ exists in the record, the Court will not disturb the Commissioner's decision. *O'Brien v. Commissioner of Soc. Sec.,* 819 F. App'x 409, 416 (6th Cir. 2020).

This Court agrees with the Magistrate's finding that the ALJ's decision on the opinions of the state agency psychologists was supported by substantial evidence and that there was no error

in the decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.

### VII. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections (ECF No. 12) and **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 11). The decision of the Commissioner is **AFFIRMED.** The Clerk of Court is directed to enter final judgment in this matter.

**IT IS SO ORDERED**

                                                 _s/ James L. Graham_
                                                 James. L Graham
                                                 United States District Judge

Date: February 3, 2025